UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESEAN CALVIN WILSON,

          Petitioner,

v.

          Case No. 23-cv-13192
          HON. MARK A. GOLDSMITH

BRYAN MORRISON,

          Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL (Dkt. 14) AND DISMISSING HIS MOTION FOR RECONSIDERATION (Dkt. 13)

This matter is before the Court on (i) Petitioner's motion for reconsideration of the Court's non-prejudicial dismissal of his "Complaint for Habeas Corpus" (Dkt. 13) and (ii) his subsequently filed motion for voluntary dismissal seeking to withdraw that motion (Dkt. 14). In his complaint, Petitioner challenged his Jackson County Circuit Court plea-based convictions for two counts of armed robbery and one count of possession of a firearm during the commission of a felony, for which he was sentenced to concurrent terms of 14 to 30 years in prison and a consecutive term of two years in prison in 2013 (Dkt. 1). Petitioner requested that the Court consider the complaint, not as a habeas petition brought under 28 U.S.C. § 2254, but as a request to remove his state habeas action to federal court. The Court denied that request because Petitioner, as the plaintiff rather than a defendant, had no right to remove his state habeas action to federal court. See 2/12/24 Op. & Order (Dkt. 10). The Court also dismissed the complaint on jurisdictional grounds because a habeas petition under § 2254 is the exclusive remedy for a state prisoner to challenge a state court criminal conviction and sentence. Id.

1

On March 26, 2024, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)(6), contending that the Court erred in dismissing the complaint because he also asserted that the Court has jurisdiction to hear the case under 28 U.S.C. § 1331, and contending that jurisdiction under that provision is appropriate because his claims rest on the Supremacy Clause, the Commerce Clause and powers delegated to Congress. Mot. for Reconsideration at PageID.203 (Dkt. 13). On May 17, 2024, Petitioner filed a motion for voluntary dismissal seeking to withdraw his motion for reconsideration (Dkt. 14).

Having reviewed the matter, the Court finds that Petitioner should be allowed to withdraw his motion for reconsideration and put an end to this case, particularly since he is not entitled to relief under Federal Rule of Civil Procedure 60(b)(1)(6). He fails to show that the Court erred in denying his removal request and dismissing his complaint. 28 U.S.C. § 1331 provides a federal district court with original subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1331, however, does not authorize federal district courts to review state court judgments. See Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 644 n. 3 (2002) ("The Rooker-Feldman doctrine . . . recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . ."); Mears v. Scherer, No. 1:23-cv-3299, 2023 WL 4106415, at *4 (S.D.N.Y. June 20, 2023) (discussing same). Section 1331 is a federal jurisdictional statute which does not provide an independent basis for relief in federal court. See Drake v. Miller, No. 3:08 CV 552, 2009 WL 1534673, at *2 (W.D. Ky. May 29, 2009) ("28 U.S.C. §§ 1331, 1343, and 1361 are statutes which confer jurisdiction and are not independent causes of

2

action."). While § 1331 confers jurisdiction on a federal court to hear claims based on federal law, it does not provide a cause of action for those claims.

The federal habeas statute, 28 U.S.C. § 2254, confers federal subject matter jurisdiction on district courts to review petitions brought by state prisoners challenging state convictions. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Smith v. Broomfield, No. 21-cv-04531, 2022 WL 1412284, at *2 (C.D. Cal. Jan. 25, 2022), report and recommendation adopted, 2022 WL 1405658 (C.D. Cal. May 3, 2022) (discussing difference between § 1331 and § 2254). A habeas petition brought pursuant to § 2254 is the "exclusive remedy" for a state prisoner who seeks "immediate or speedier release" from custody to challenge a state conviction or sentence in federal district court. Skinner v. Switzer, 562 U.S. 521, 525 (2011); see also Preiser v. Rodriguez, 411 U.S. 475, 488–490 (1973)); Rittenberry v. Morgan, 468 F.3d 331, 337 (6th Cir. 2006) ("numerous federal decisions ... support the view that all petitions filed on behalf of persons in custody pursuant to state court judgments are filed under section 2254" and are subject to the AEDPA's requirements); Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 371 (6th Cir. 2001) (explaining that when a state prisoner seeks habeas relief, but does not directly or indirectly challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process); Sarauer v. Wisconsin, No. 05-C-57-C, 2005 WL 318833, at *1 (W.D. Wis. Feb. 2, 2005) (explaining that § 2254, not § 1331, provides federal habeas jurisdiction).

In this case, Petitioner explicitly stated that he was seeking to remove his own state court habeas action to federal court and that he did not want his complaint construed as a habeas petition under § 2254.  Consequently, the Court did not err in denying his removal request as improper or in dismissing without prejudice his complaint on jurisdictional grounds.  Petitioner is not entitled to relief from judgment.  Accordingly, the Court grants Petitioner's motion for voluntary dismissal of his reconsideration motion and dismisses his motion for reconsideration.  This case remains closed.  No further pleadings should be filed in this matter.

IT IS SO ORDERED.

Dated:  January 16, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge